IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

    Claimant

- against -

ELLIOT BLUMENTHAL AND
SILVERMAN LINDEN JOHNSON LLP,

    Respondents.

JUDGE DANIELS

06 CV 5471

## PETITION OF SILVERMAN LINDEN JOHNSON LLP TO OBTAIN COURT APPOINTMENT OF ARBITRATOR PURSUANT TO 9 U.S.C. §5

NOW COMES one of the Respondents, SILVERMAN LINDEN JOHNSON LLP ("SLJ"), by its attorney, CARL D. LIGGIO, and pursuant to Section 5 of the Federal Arbitration Act, 9 U.S.C. §5, respectfully requests this Court to appoint a third arbitrator for the above-cited arbitration proceedings instituted by PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"). In further support of this petition, SLJ states as follows:

1. In February 2006, PIIC served SLJ and ELLIOT BLUMENTHAL (a former employee of SLJ) with a demand for arbitration to declare the rights and obligations by and between the claimant and respondents with respect to the defense and indemnity obligations under the terms of a professional liability policy of insurance issued by PIIC to SLJ.

2. At issue is coverage for a claim for in excess of $5,000,000 asserted against SLJ, an accounting firm, by one of its former clients.

3. Pursuant to the Binding Arbitration Endorsement contained in the insurance policy issued by PIIC to SLJ, in the event that either party requested arbitration, each party was to select one arbitrator and then those two arbitrators would select a neutral arbitrator. The Endorsement further provides that if the two arbitrators cannot agree to a third arbitrator within 30 days, either party "may request that selection be made by a judge of a court having jurisdiction."

4. This Court has jurisdiction of the parties in this matter because PIIC does business in New York, SLJ does business in New York and the allegations of professional negligence against SLJ and Blumenthal concern activity occurring in New York City.

5. PIIC did not name its arbitrator until SLJ requested it do so. On May 18, 2006, PIIC named James C. Keidel, who is a partner in the firm of Lustig & Brown, as its arbitrator. By letter dated May 19, 2006 SLJ confirmed that it had nominated Victor M. Earle, III, who is Of Counsel, to the firm of O'Melveny & Myers, as its arbitrator.

6. Since PIIC filed its demand for arbitration in February 2006, it has either requested delays in connection with the arbitration proceedings or failed to respond to issues raised by SLJ and has made little or no effort to move this arbitration along in spite of entreaties by SLJ to resolve the issues posed by the arbitration.

7. Notwithstanding that PIIC demanded the arbitration, it has repeatedly delayed in the selection of the third arbitrator for this matter. As a result of its failure to agree upon the selection of a third arbitrator, SLJ has brought this petition to the Court to appoint a third arbitrator.

8. More than thirty days prior to the filing of this petition, SLJ's arbitrator proposed five individuals, all of whom were respected members of the Bar of this Court, as the third arbitrator. The initial individuals proposed by Mr. Earle were: Jay Gerber, who is a partner at Hogan & Hartson, Robert Rifkind, who is a partner at Cravath Swaine & Moore, and Dean Ringel, George Wailand, and Charles Gilman, who are partners at Cahill Gordon & Reindel. Mr. Earle had identified these individuals as potential arbitrators because they had experience in insurance coverage issues and professional liability matters. SLJ accepted Mr. Earle's judgment that these individuals had the requisite experience in the areas subject to the arbitration although counsel for SLJ only knew Mr. Ringel from services he had provided more than 20 years ago to an insurance company for which counsel had been a director.

9. PIIC rejected each of those individuals. In so doing, PIIC provided no reasons for its rejection of those five individuals.

10. After rejecting SLJ's five proposals for a third arbitrator, PIIC proposed as the third arbitrator either of the two partners of the law firm of Locke & Herbert. Mr. Earle and SLJ rejected those two individuals because they felt, *inter alia,* that neither individual had the necessary experience for this case. (A Google search revealed that they claimed to be a law firm that was involved in family law matters.)

11. After rejecting PIIC's proposed arbitrators, SLJ proposed the Honorable John Martin, a former member this Court, who had previously presided over insurance disputes and had considerable experience in cases involving professional liability such as accountants.

12. PIIC rejected Judge Martin and gave no basis for its rejection.

13. SLJ's arbitrator then suggested the Honorable Milton Mollen, the former Chief Judge of the Appellate Division, Second Department. PIIC has not responded to the proposal of SLJ's arbitrator to retain the Judge Mollen as the third arbitrator even though Judge Mollen's name was suggested to them over two weeks ago.

14. SLJ asserts that PIIC has no basis for rejecting either Judge Martin or Judge Mollen and requests that unless it can show bias or prejudice as to those candidates, that this Court appoint Judge Martin or Judge Mollen as the third arbitrator for this matter, given that a third arbitrator has not been agreed to by PIIC and this process was begun before June 9, 2006.

WHEREFORE, SILVERMAN LINDEN JOHNSON LLP respectfully requests that its petition for appointment of a third arbitrator be granted and that this Court appoint the Honorable John Martin or the Honorable Milton Mollen or such other individual as this Court deems appropriate as the third arbitrator in this matter. SILVERMAN LINDEN JOHNSON LLP further prays for any other relief that this Court deems just and proper.

Respectfully submitted,
SILVERMAN LINDEN JOHNSON LLP

By: _____
One of Its Attorneys

Carl D. Liggio, Esq. (CL-6088)
McCullough, Campbell & Lane LLP
205 N. Michigan Avenue, Suite 4100
Chicago, IL 60601-5925
312/923-4103